**ACROMAG, INCORPORATED, Plaintiff,**

v.

**TRANSMATION, INCORPORATED,**
**Defendant.**

No. C70-1199.

United States District Court,
N. D. Ohio, E. D.

June 29, 1971.

J. Herman Yount, Jr., Yount & Tarolli, Cleveland, Ohio, for plaintiff.

Gary L. Bryenton, Baker, Hostetler & Patterson, Cleveland, Ohio, for defendant.

MEMORANDUM OPINION
AND ORDER

BATTISTI, Chief Judge.

The defendant has submitted a motion, purportedly under F.R.Civ.P. Rule 59(e), for the Court "to alter or amend the judgment heretofore [sic] entered in this action * * *." Since, however, that Memorandum Opinion and Order was interlocutory and thus not subject to the restrictions of Rule 59, the Court will consider the defendant's motion rather as one merely for reconsideration.

In its previous order the Court denied the motion of the defendant to stay proceedings in this case pending the outcome of the related case of Transmation, Inc. v. Gay Engr. and Sales Co., Inc., now pending in the United States District Court for the Southern District of Texas (Houston Division). This ruling was based on the belief that—although participating in Gay's defense in that case—the plaintiff here maintained a role that fell considerably short of controlling. The defendant's motion, however, has prompted a review of the earlier pleadings, which in turn has convinced the Court that Acromag's involvement in the Texas action is in fact not so slight as first appeared.

This Court is aware of the principle that the decision in a case normally is binding only upon parties to that action. Even when a non-party expresses an interest and undertakes nominal involvement in the proceedings, the outcome will not be res judicata as to him. See I.T.S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 47 S.Ct. 136, 71 L.Ed. 335 (1926). However, he increases his participation in the case only at his own peril, so that "* * * the extent and nature of that participation may completely alter the consequences."

Bros, Inc. v. W. E. Grace Mfg. Co., 261 F.2d 428, 430 (C.A. 5, 1958). As was the case in *Bros*—also a patent infringement case—here the plaintiff has had to make a choice whether to take an active role in the defense of its distributor in the related action, thus risking being bound by the decision there, or to remain entirely aloof in that suit and chance the stare decisis (if not res judicata) effect of a poor defense by Gay. Having chosen the former strategy, Acromag has effectively, if not explicitly, abandoned its jurisdictional defense in the Texas action and must expect to be covered by whatever decision emerges there. Certainly Acromag cannot contend that its involvement in Gay's defense is minimal in the light of " * * * Gay's admission that Acromag prepared Gay's answer and counterclaim * * * and that Acromag has agreed to indemnify Gay for its costs. * * *" Memorandum and Order of February 17, 1971, by Judge Seals of the District Court for the Southern District of Texas.

Since it appears that by its conduct Acromag has admitted the identity of its interests with those of Gay, it would seem unwise for this Court to allow Acromag to proceed in the Northern District of Ohio simply as an alternative forum to litigate the same questions already at issue in the Sourthern District of Texas. The alternative would be to encourage forum-shopping and effectively undermine the concept of judicial economy by permitting multiple litigations involving parties identical in all except name.

Accordingly, the defendant's motion for reconsideration is granted; the proceedings currently before this Court in case number C70–1199 are to be stayed pending the outcome of Civil Action 70–H–126 in the District Court for the Southern District of Texas, Houston Division.

It is so ordered.